**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

ROBERT LEGGETT, JR. PLAINTIFF

V. NO. 3:22-CV-99-JTR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration DEFENDANT

**ORDER**

## I. Introduction

Plaintiff, Robert Leggett, Jr. ("Leggett"), applied for supplemental security income on September 23, 2019, alleging disability beginning on January 1, 2014. (Tr. at 14). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application on February 25, 2021. (Tr. at 14–25). The Appeals Council denied his request for review on March 14, 2022, making the ALJ's denial of Leggett's application for benefits the final decision of the Commissioner. (Tr. at 1–7).

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

## II. The Commissioner's Decision

The ALJ found that Leggett had not engaged in substantial gainful activity since the application date of September 23, 2019.[2] (Tr. at 16). The ALJ found, at Step Two, that Leggett has the following severe impairments: history of broken neck with fusion of C5-7, adrenal disorder, depression, history of bilateral hand surgery, hypertension, history of kidney stones, and removal of kidney. (Tr. at 17).

After finding that Leggett's impairments did not meet or equal a listed impairment (Tr. at 17–18),[3] the ALJ determined that Leggett had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) he can no more than occasionally climb stairs and ramps; (2) he is unable to climb ladders and scaffolding; (3) he can no more than occasionally balance, stoop, kneel, crouch, and crawl; (4) he is limited to frequent,

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

For supplemental security income claims, the relevant time-period begins on the date of the application. (Tr. at 15). Leggett filed a previous application in December 2017, which was denied at the initial and reconsideration levels of review. (Tr. at 14). Leggett did not request a hearing in that matter, and *res judicata* bars consideration of the prior application. *Id*; 20 C.F.R. § 404.957.

[3] 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.920(d), 404.925, and 404.926).

but not constant, handling, and fingering bilaterally; (5) he is limited to occasional overhead reaching; (6) he is able to understand, remember, and apply simple multi-step routine instructions, make simple work-related decisions, and concentrate and persist for extended periods in order to complete simple multi-step work tasks with routine supervision; (7) he is able to interact with and respond appropriately to others in a stable work setting, however he would need to avoid work-related interactions with the general public; and (8) he is able to adapt to a routine work setting where changes are infrequent, well-explained, and introduced gradually. (Tr. at 19).

The ALJ determined that Leggett had no past relevant work. (Tr at 23). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Leggett's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, including small product assembler, sub assembler, and production assembler. (Tr. at 24–25). Thus, the ALJ concluded that Leggett was not disabled. *Id*.

## III. Discussion

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable

mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

**B. Leggett's Arguments on Appeal**

Leggett contends that evidence supporting the ALJ's decision to deny his application for benefits is less than substantial. He argues that: (1) the RFC did not incorporate all of Leggett's limitations; (2) the ALJ did not sufficiently consider Leggett's subjective complaints, and (3) the ALJ erred at Step Five, by failing to

resolve a possible conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). The Court finds support for Leggett's final argument.

Leggett had a broken neck that required fusion surgery in 1997. (Tr. at 19-21). He also had mid-flank pain arising from kidney stones. *Id*. The ALJ considered these impairments and limited Leggett to work requiring only occasional reaching. (Tr. at 19). The jobs identified by the VE at Step Five require frequent reaching. (Doc. No. 11 at 16); DOT ##706.684-022, 729.684-054, 706.687-010. This presents a possible conflict.

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about any possible conflict between VE testimony and the Dictionary of Occupational Titles, and to obtain a sufficient explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *see* Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). The ALJ here did not ask about the reaching conflict, but

the VE said that while the DOT does not address overhead reaching, her testimony was based on professional observation and experience.[4] (Tr. at 81–82).

The Court notes that when the ALJ questioned the VE about mental acuity required for certain jobs, the VE went into great detail about how the RFC limitations may conflict with jobs that she identified. (Tr. at 80–81). She talked about the jobs as actually performed, the complexity of the work, and the education level required by the jobs. *Id*. In this way, the VE showed that she discerned a possible conflict concerning mental requirements and she gave good support for her conclusions.

---

[4] *See Alberda v. Comm'r of SSA*, No. 3:20-CV-00283-JTK, 2021 WL 4239500, at *3 (E.D. Ark. Sept. 17, 2021):

> This Court has carefully examined exactly how much detail or support a VE must provide when he knows there is a conflict between his testimony and the DOT. When he simply says he is relying on his experience, that is not enough. *Rollins v. Kijakazi,* No. 3:20-cv-00239-PSH, No. 3:20-CV-00239 PSH, 2021 WL 3891060 (E.D. Ark. Aug. 31, 2021); *Montoya v. SSA*, No. 3:18-CV-00091 JTK, 2019 WL 2482719 (E.D. Ark. June 13, 2019); *see also Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018) (the VE's response that his "experience" resolved the conflict was insufficient).
>
> Other VEs, in instances where the Court has determined that the conflict was properly resolved, have described their training and education, their personal observation of the jobs in question, the specific kind of reaching each job actually requires, and how Social Security manuals and supporting references address the conflict. *Smith v SSA*, No. 3:19-cv-00373-BD, 2020 WL 7588580 (E.D. Ark. Dec. 22, 2020); *Porter v. Berryhill*, No. 4:17-cv-00072-NKL, 2018 WL 1183400 (W.D. Mo. March 7, 2018). The VE plays a critical role in the disability review, and the ALJ must know how the VE arrives at his conclusions and how he supports his conclusions. The ALJ needs a solid vocational evidentiary foundation to meet his Step Five burden. And the Court needs to see that foundation before it can decide if the ALJ properly dispatched his duty. In this case, the VE's reliance upon "past experience" alone did not provide sufficient foundation, and therefore the Step Five conflict was left unresolved.

With respect to the reaching issue, however, she provided no such insight, and it is not clear that the ALJ even acknowledged the potential conflict.[5] He failed his duty to address and resolve the conflict. Therefore, reversal is warranted.

## IV. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not acknowledge and resolve a possible conflict at Step Five.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 19th day of April, 2023.

J. Thomas Ray

UNITED STATES MAGISTRATE JUDGE

---

[5] The Eighth Circuit has held that, just like in this case, a limitation to occasional overhead work presents a possible conflict with jobs requiring frequent reaching. Within the opinion, the ALJ must explain how he discerned and resolved that conflict. *See Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014). Here, the ALJ did not mention the reaching conflict in his decision. (Tr. at 24).